UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD HARRISON,

                              Petitioner,

    v.                                                          9:20-CV-0564
                                                                (DNH/TWD)

BRIAN McAULIFFE, Superintendent,

                              Respondent.

---

APPEARANCES:                                          OF COUNSEL:

EDWARD HARRISON
Petitioner pro se
11-A-0452
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

HON. LETITIA JAMES                                    HANNAH S. LONG, ESQ.
Attorney for Respondent                               Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District  Judge

## DECISION and ORDER

## I. **INTRODUCTION**

    Pro se petitioner Edward Harrison ("Harrison" or "petitioner") seeks federal habeas

relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").

    On October 16, 2019, the Court ordered Harrison to file an affirmation explaining why

the petition should not be dismissed as untimely.  Dkt. No. 5, Decision and Order ("June

Order").  After petitioner timely filed an affirmation, respondent was directed to answer the

petition.  Dkt. No. 6, Affirmation; Dkt. No. 7, Order.

Thereafter, respondent requested and received permission to file a motion to dismiss.  Dkt. No. 9, Motion; Dkt. No. 10, Text Order; Dkt. No. 13, Motion to Dismiss; Dkt. No. 13-2, State Court Record ("E"); Dkt. No. 13-3, Memorandum of Law in Support of Motion to Dismiss ("Resp. Mem.").  Harrison opposed the motion to dismiss.  Dkt. No. 14, Response in Opposition ("Pet. Resp.").  Respondent filed a reply.  Dkt. No. 15, Reply.[1]

For the reasons that follow, Harrison's habeas petition is dismissed.

## II.  RELEVANT BACKGROUND

### A.  Prior Convictions

Harrison has been sentences to prison on multiple occasions.  On October 22, 1982, petitioner pleaded guilty in Richmond County to third degree attempted burglary and was sentenced to 1 to 3 years' imprisonment.  E at 1-2.  In April of 1983, petitioner was released on parole.  *Id.* at 4-5.

While on parole for his 1982 conviction, Harrison committed grand larceny in Richmond County.  E at 6.  On November 15, 1984, petitioner was sentenced to another 2 to 4 years' imprisonment.  *Id.* at 6-7.  Because the conduct occurred while petitioner was on parole from the 1982 conviction, the new prison sentence increased petitioner's maximum aggregate sentence from three to seven years, and extended his sentence's maximum expiration date to 1989.  *Id.* at 7.[2]  In August of 1987, petitioner was again released on parole.  *Id.* at 12-13.

---

[1]  With the exception of the State Court Record, which is separately paginated by the Bates Stamp in the bottom center of each page, citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2]  New York law presently provides that if an individual serving an indeterminate or determinate sentence commits a new crime, and is sentenced to prison for said crime, the sentence must be imposed consecutively to the preexisting one.  N.Y. Penal Law § 70.25(2-a).  For purposes of calculating the overall sentence, "the minimum

While on parole, Harrison committed another grand larceny in Kings County.  E. at 10. On August 11, 1988, petitioner was sentenced to another 1.5 to 3 years' imprisonment as a second felony offender.  *Id.*  The new sentence increased petitioner's maximum aggregate sentence from seven to ten years and extended his sentence's maximum expiration date to 1992.  *Id.* at 11.  In May of 1990, petitioner was again released on parole.  *Id.* at 13.

While on parole, Harrison committed a robbery in Queens County.  E at 14-17 (sentencing hearing transcript); *id.* at 18.  Petitioner was sentenced to 5 to 10 years' imprisonment.  *Id.* at 16.  The new sentence increased petitioner's maximum aggregate sentence from ten to twenty years and extended his sentence's maximum expiration date to 2002.  *Id.* at 23.

### B.  1995 Conviction

Harrison does not contest any of those prior convictions.  Instead, petitioner contests his 1995 conviction for assault.  The facts underlying this conviction are not in dispute.  As summarized by the New York State Appellate Division, Third Department:

> While an inmate at Franklin Correctional Facility in Franklin County, [petitioner] poured boiling water and oil on another inmate who was sleeping causing first, second and third degree burns to the victim. [Petitioner] pleaded guilty to the crime of assault in the second degree and was sentenced [on June 26, 1995,] as a second felony offender to a term of 3 ½ to 7 years in prison.

*People v. Harrison*, 231 A.D.2d 786, 786 (3rd Dep't 1996);  *see also* E at 22-46 (plea hearing transcript); *id.* at 47-56 (sentencing hearing transcript).

---

periods of imprisonment are added to arrive at an aggregate minimum period equal to the sum of all the minimum periods, and the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms."  *Id.* § 70.30(1)(b).  An inmate's sentence is fully discharged, even if that individual is release on parole, only after the "expiration of the maximum term or period of [the] sentence[.]" N.Y. Exec. Law § 259-i(2)(b).

This sentence for assault increased Harrison's maximum aggregate sentence from twenty to twenty-seven years and extended his sentence's maximum expiration date to 2009.  E at 57.  Accordingly, petitioner's sentences—including the sentence for his 1995 conviction—fully expired on August 24, 2009, when he was unconditionally discharged from parole supervision, approximately 27 years after his first prison sentence was imposed in 1982.  *Id.* at 58, 60-61.

### C.  2011 Conviction

On August 9, 2010, approximately one year after his 1995 conviction fully expired, Harrison unlawfully possessed a loaded handgun and attempted to rob a Family Dollar Store.  E at 68-69.  Pursuant to a plea bargain, petitioner pleaded guilty to second degree attempted robbery and second degree attempted criminal possession of a weapon.  *Id.* at 67-69.  Petitioner also admitted that he met the criteria to be sentenced as a persistent violent felony offender.  *Id.* at 71-73, 76.

The judge promised, and ultimately imposed upon Harrison, a sentence—given petitioner's extensive criminal history—of "the minimum the law allow[ed] . . . [which was] 12 years to life on each count, to run concurrently." *Id.* at 67; *see also id.* at 76-78 (sentencing hearing transcript).  Petitioner is presently serving that sentence in Riverview Correctional Facility.  *Id.* at 81-82.

Harrison filed a direct appeal from this 2011 conviction.  *See People v. Harrison*, 101 A.D.3d 900 (2d Dep't 2012).  The Second Department affirmed the judgment and, on March 27, 2013, the Court of Appeals denied leave to appeal.  *Harrison*, 101 A.D.3d at 901, *lv. appeal denied*, 20 N.Y.3d 1099 (2013).

On or about July 23, 2014, Harrison sought federal habeas relief pursuant to 28

U.S.C. § 2254, in the District Court for the Eastern District of New York.  E at 86-96.

Petitioner's § 2254 petition challenged his 2011 conviction, upon a guilty plea, in Richmond

County for second degree attempted criminal possession of a weapon and second degree

attempted robbery.  *Id.* at 86.  Petitioner argued that he was entitled to habeas relief because

(1) his indictment was jurisdictionally defective because he was not indicted in accordance

with New York Criminal Procedure Law § 180.80; (2) he was improperly sentenced as a

persistent violent felony offender; and (3) his counsel was constitutionally ineffective.  *Id.* at

90-92.

Harrison's § 2254 petition was dismissed in its entirety because those claims were

unexhausted and, alternatively, meritless.  *Harrison v. Griffin*, No. 1:14-CV-4452, 2017 WL

3105853, at *3-*7 (E.D.N.Y. July 20, 2017); *see also* E at 97-110.

## III. <u>PRESENT PETITION</u>

In his petition before this Court, Harrison challenges a 1995 judgment of conviction in

Franklin County, upon a guilty plea, of second degree assault.  Pet. at 1-2; *see also People*

*v. Harrison*, 231 A.D.2d 786, 786 (3rd Dep't 1996).  The New York State Appellate Division,

Third Department affirmed the conviction.  *Harrison*, 231 A.D.2d at 786; *accord* Pet. at 2.

Harrison contends that he is entitled to federal habeas relief because (1) he did not sign

a waiver in open court, as required per New York Criminal Procedure Law §§195.10 &

195.20 (Pet. at 5-7) and (2) there is no court appearance history sheet to validate that any

court appearances took place (*id.* at 7-8).

Respondent moves to dismiss the petition arguing that the court lacks jurisdiction to

consider Harrison's claims.  Resp. Mem. at 9-12.  Specifically, respondent argues that

because petitioner's sentence expired in 2009, he did not meet the "in custody" requirement

and his petition is moot.  *Id.* at 9-10.  Respondent further argues the petition cannot be construed as an attack on petitioner's 2011 conviction because (1) he expressly states that he is challenging his 1995 conviction and (2) any such challenge would represent a second or successive petition requiring permission from the Second Circuit.  *Id.* at 10-12.

Harrison opposes the motion to dismiss.  Dkt. No. 14.  Petitioner contends that "Respondent's [motion] . . . was[ not] even about . . . what Petitioner raised in his petition," and respondent failed in its duty to marshal "essential minutes" concerning the claims in the petition.  *Id.* at 1.  Petitioner goes on to continue to request an evidentiary hearing and argue the merits of his petition.  *Id.* at 3-5.  However, seemingly in response to the motion to dismiss, petitioner cites *Evitts v. Lucey*, 469 U.S. 387 (1985), for the proposition that "as long as a conviction can be used then it is not moot to challenge the conviction in its entirety as [is the] case here and the conviction . . . should be dismissed [and not] . . . used for collateral consequences (Time enhancement) due to the constitutional violation."  *Id.* at 3.

In reply, respondent stresses that Harrison "does not dispute that his sentence is fully expired," and distinguishes *Evitts* from the present scenario as *Evitts* considered whether a conviction presented a live case or controversy.  Dkt. No. 15 at 1.  Respondent again explains that "the issue here is whether [petitioner] met the separate and independent 'in custody' requirement for subject-matter jurisdiction[.]"  *Id.* (citations omitted).  In sum, respondent argues that because the Court lacks jurisdiction, dismissal is required, and the merits of the claim are irrelevant to discuss further.  *Id.* at 1-2.

## IV.  **DISCUSSION**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or

6

constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States' at the time he files the petition." *Hurdle v. Sheehan*, No. 1:13-CV-6837, 2016 WL 4773130, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting 28 U.S.C. § 2254(a)).

> Courts have construed the term "in custody" liberally to extend beyond physical incarceration; it has been interpreted to include individuals who, at the time of the filing of the petition, were on parole . . ., supervised release . . ., and bail . . . .
>
> However, once a sentence has been completely served and thus expired, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence.

*Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (internal citations omitted); *see also Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (explaining that a petitioner who files his habeas petition before the sentence of his challenged conviction expires is deemed to be in custody, even if the sentence expires during the course of the habeas action, whereas a petitioner who challenges "a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" is not).

"[E]ven where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the 'in custody' requirement is not satisfied where the sentence for the challenged conviction has been fully served." *Whaley v. Graham*, No. 2:06-CV-3021, 2007 WL 708796, at *2 (E.D.N.Y. Mar. 6, 2007) (citing cases).

When a petitioner is serving consecutive sentences, the "in custody" language has been construed "to require that consecutive sentences be viewed in the aggregate." *Garlotte*

7

*v. Fordide*, 515 U.S. 39, 45-46 (1995) (citing *Peyton v. Rowe*, 391 U.S. 54, 66 (1968).

> Therefore, even if a prisoner has already completed the first in a series of consecutive sentences, the Court nonetheless has jurisdiction to hear a challenge to the validity of that first sentence. The Supreme Court's decisions in *Garlotte* and *Peyton* are premised on the fact that shortening even an expired conviction that is part of a "continuous stream" of consecutive sentences "would advance the date" of a prisoner's "eligibility for release from present incarceration."

*Hurdle*, 2016 WL 4773130, at *3 (quoting *Garlotte*, 515 U.S. at 47).

> Where, however, a prisoner serving a series of *concurrent* sentences challenges a shorter sentence that has already expired, the prisoner is no long 'in custody' on the shorter sentence, even if he remains in custody under a longer sentence, since a successful habeas action resulting in a vacated concurrent sentence would have no effect on the state prisoner's release date from his other conviction and sentence.

*Id.* (internal quotation marks and citations omitted).

Courts have long recognized the important distinctions between concurrent and consecutive sentences and the effect of challenging them alone or in combination. This recognition is consistent with the aims of the jurisdictional custody requirement because "a prisoner who attacks an earlier-imposed consecutive sentence may obtain relief through a recalculated aggregate term;" however, "even if a prisoner serving a concurrent sentence were to obtain relief in vacating a shorter, expired sentence, it would have no effect on the prison term he is still serving." *Id.*

As an initial matter, the petition filed by Harrison in this case explicitly stated his intention to solely challenge his 1995 conviction, upon a guilty plea, in Franklin County for second degree assault. Pet. at 1-2. To the extent petitioner also sought to challenge his 2011 conviction, respondent would be correct that such a petition would be barred as second

8

or successive.

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition."  *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

Importantly, a district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).  Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y.L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the

application.").

Harrison's prior habeas petition already advanced an attack on his 2011 conviction. *See Harrison v. Griffin*, No. 1:14-CV-4452 (E.D.N.Y.). If his current petition were to be construed as an attack on the 2011 conviction, it would be successive because it would be challenging the same judgment of conviction that was challenged before in the prior habeas petition. Those claims were previously dismissed on the merits. *Harrison v. Griffin*, 2017 WL 3105853, at \*3-\*7. Because district courts have no jurisdiction to decide successive petitions, if petitioner wished to challenge his 2011 conviction, the Court would be required to transfer this action to the appropriate Court of Appeals. Torres, 316 F.3d at 151-52.

Further, as previously described above, Harrison's sentence for his 1995 conviction fully expired in August of 2009. Accordingly, when this petition was filed in May of 2020, *id.* at 15, petitioner's sentence had long since expired. Thus, petitioner was not "in custody" as defined by the habeas statute, and the Court lacks jurisdiction to entertain the present petition. *Maleng*, 490 U.S. at 491-92; *Valdez*, 640 F. Supp. 2d at 515.

The fact that Harrison's sentences from 1982 through 1995 were concurrent terms of imprisonment are inconsequential because he was not serving any of them at the time the present petition was filed. And the fact that petitioner is presently serving an <u>unrelated</u> sentence does not change this analysis because his 1995 conviction was already served. *Whaley,* 2007 WL 708796, at \*2; *Hurdle*, 2016 WL 4773130, at \*2 ("once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction even if he remains in custody on a separate conviction.").

With respect to Harrison's argument that the holding in *Evitts v. Lucey*, 469 U.S. 387

10

(1985), compels the Court to find that the petition is not moot, petitioner is mistaken.  There are multiple factors that contribute to whether or not a petition is moot.  "As with all litigants in federal court, a habeas petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.  A case becomes moot if, at any stage in the proceedings, it fails to satisfy the case-or-controversy requirement." *Burch v. Millas*, 663 F. Supp. 2d 151, 157 (W.D.N.Y. 2009).

The Supreme Court has held, in cases such as *Evitts*, "that collateral consequences are presumed to flow from a felony conviction . . . such that [a] petitioner's release from custody does not moot the habeas petition [because there is still a live case or controversy present.]" *Id.* (citing *Evitts*, 469 U.S. at 391 n.4).  However, whether there is a live case or controversy is an inquiry separate and apart from whether petitioner has satisfied the "in custody" requirement.  *See e.g. United States v. Copeland*, 376 F.3d 61, 69 (2d Cir. 2004) (identifying specifically the two distinct legal issues of determining the statutory "in custody" requirement and the constitutional case or controversy requirement).

As previously explained, "[a] district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States' at the time he files the petition." *Hurdle v. Sheehan*, No. 1:13-CV-6837, 2016 WL 4773130, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting 28 U.S.C. § 2254(a)).

The issue here is not whether Harrison has failed to present a case or controversy; instead, respondent has moved to dismiss the petition based on petitioner's failure to satisfy the statutory "in custody" requirement.  For the aforementioned reasons, the Court agrees with respondent that this statutory requirement has not been established and, therefore, that

the petition must be dismissed.  Because petitioner failed to meet the statutory "in custody" requirement, the Court need not further discuss and issues regarding timeliness, exhaustion, or the merits of the petition.

**V.  CONCLUSION**

Therefore, it is

ORDERED that

1.  Respondent's motion to dismiss, Dkt. No. 13, is **GRANTED**;

2.  The petition, Dkt. No. 1, is **DISMISSED** for lack of subject matter jurisdiction;

3.  No Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3]

4.  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and

5.  The Clerk shall serve a copy of this Decision and Order on the parties, and serve an updated docket sheet upon petitioner, in accordance with the Local Rules.

IT IS SO ORDERED.


Dated:  January 26, 2021
        Utica, New York.

United States District Judge

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

12